**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **KOECKRITZ   INTERNATIONAL, INC.,** | ) | Case No.   12-39415 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**Order a) Granting Motion for Entry of Interim Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection, and
<u>(b) Scheduling a Final Hearing</u>**

WHEREAS Koeckritz International, Inc., as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case filed its Motion for Entry of Interim and Final Orders (i) Authorizing the Debtor to Use Cash Collateral, (ii) Granting Adequate Protection, and (iii) Scheduling a Final Hearing (the "Motion");

WHEREAS due and adequate notice of the Motion was given, and the Debtor has revised its request to accommodate the concerns of Bank of America; and

WHEREAS no objections to the Motion have been filed with the Court or received by the Debtor,

IT IS HEREBY ORDERED:

      A.    The Debtor is authorized to use cash collateral and provide adequate protection on the following terms:

          a. Replacement Liens: As adequate protection for any use or diminution in the value of the Bank's interests in Debtor's pre-petition assets, including the cash collateral subject to this interim order, the Bank (as that term is defined in the Motion) is hereby granted, retroactive to the date on which the Debtor's

bankruptcy petition was filed, and without the necessity of any additional documentation and filings (i) replacement liens in all post-petition property of the Debtor, including all cash collateral, to the same extent, validity, and priority as the Bank had prepetition in such property, (ii) an adequate protection payment in the amount of $5,000 each month to be made in collected funds on or before the last day of each month with the first such payment due October 31, 2012, and (iii) a priority claim pursuant to section 507(b) of the Bankruptcy Code for the diminution in value, if any, of Bank's interest in the Bank's pre-petition collateral

b. Reporting: The Debtor will provide the Bank with all reports required under the Loan Documents and shall provide the Bank with a Variance Report, tax Escrow Report, and Receipt and Account Report (as such terms are defined below) for the month of October prior to any final hearing on use of cash collateral;

c. Budget: The Debtor will operate within 10% of the budget attached as Exhibit A to the Motion (the "Budget") until use of cash collateral is approved on a permanent basis.

d. Usage: The Debtor is authorized to use cash collateral commencing upon entry of this order until the Termination Date (as defined below) to pay (i) actual, ordinary, and necessary expenses of the Debtor's business as described in the Budget, and (ii) any other expenses approved by the Court.   The Debtor shall be deemed to

comply with the Budget so long as its total cash disbursements for the period between entry of this order and the termination date do not exceed 110% of the total cash disbursement amounts provided for in the Budget or such higher amount to which the Bank expressly consents;

e. Termination: Commencing in October, 2012, the Debtor will make a adequate protection payment of $5,000 described above on or before the last day of each month until the earliest of the following (the "Termination Date"):

　　i. The date on which the Debtor's rights to use Cash Collateral cease;

　　ii. ii. Entry of a Court order directing the cessation of such payments;

　　iii. iii. Conversion of this proceeding to one Chapter 7 of the Bankruptcy Code;

　　iv. iv. Dismissal of this proceeding; or

　　v. v. Appointment of a trustee in this proceeding;

f. Other: On or before the fifth business day before the expiration of this interim order, the Debtor shall provide counsel for the Bank a spreadsheet comparing the amount set forth on each line on the Budget with any actual disbursements related to each line (the "Variance Report"). Additionally, In return for the Debtor's interim

use of cash collateral, Lender is granted the following additional protection for its asserted interests:

i. The Bank is deemed to have requested adequate protection on the date on which the Debtor filed its bankruptcy petition;

ii. The Debtor will permit the Bank to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records, including all inspection necessary to conduct an appraisal of the value of Debtor's property; and Debtor's counsel will promptly supply copies of such records upon request to attorneys of the Bank by overnight mail or by email;

iii. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft, water damage, and any other casualty events to the same extent and with the same coverage as such were maintained and paid prepetition;

iv. The Debtor shall, upon reasonable request, promptly make available to Bank any and all documentation relating to cash collateral or any other collateral for Debtor's indebtedness;

v. The Debtor shall pay into an escrow account that is established at Bank or at such other bank as is acceptable to Bank sufficient funds for the payment of current real estate taxes relating to any real property owned by the Debtor.  If such escrow account is not established at Bank Debtor shall

  (a) provide the Bank with all account information upon its establishment; (b) provide the Bank with balance information on such account no later than five business days prior to the end of the Interim Period (the "Escrow Report"); and (c) provide prior written notification to the Bank of all disbursements from such account; and

vi. The Debtor shall properly maintain in good repair and properly manage any real property it owns;

vii. Other than as set forth above, all funds in or that come into Debtor's possession and control – other than cash collateral that is authorized to be used pursuant to this interim order and such funds that are paid as adequate protection pursuant to this interim order – shall be deposited promptly into the Debtor's post-petition business bank account with the Bank and shall not be expended except in compliance with this interim order or other prior order of the Court.  On or before the fifth business day before the expiration of this interim order, the Debtor shall provide counsel for the Bank a summary of all business receipts, and a specific record of each deposit and disbursement from each account of the Debtor (the "Receipt and Account Report").

viii. During the pendency of this bankruptcy and until further order of the Court, all cash of Debtor now or hereafter acquired is

   deemed to be cash collateral of Bank; and the Bank's security interest in all cash collateral shall be deemed perfected under the Uniform Commercial Code in all cash wherever located now and wherever located in the future.

B. This interim order is made without prejudice to any party's rights, including but not limited to rights to seek a determination at a later date as to the necessity or continued adequacy of adequate protection for any collateral of the Bank. Further, this Interim Order is without prejudice to any party's rights to challenge the validity, priority, or extent of any lien, or to challenge the application of any rights of any party to any property under the Court's jurisdiction.

C. This interim order shall not be deemed to have suspended of waived any of the respective rights or remedies of the Bank under the Bankruptcy Code, other applicable law, or any pre-petition loan and security documents. No failure or delay of any party to require strict performance of any provision of this interim order shall waive, affect, or diminish any right of any party thereafter to require strict compliance and performance therewith. All adequate protection payments are provisional and subject to accounting by the Bank upon motion and request by a party in interest.

D. The Debtor is hereby authorized to execute any documents as may be required to carry out the provisions of this Interim Order.

E. A final hearing on the Motion shall be held on or before November 6, 2012; and

    F. This Order shall be effective immediately upon entry.

Dated:

                     By: _____
                     United States Bankruptcy Judge

Prepared by:
David R. Herzog
HERZOG & SCHWARTZ, P.C.
77 West Washington Street
Suite 1717
Chicago, Illinois 60602
(312) 977-1700