UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | Case no. 12-39415-ERW |
| | ) | |
| KOECKRITZ INTERNATIONAL, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Eugene Wedoff |

## NOTICE OF MOTION

To:   See Attached Service List

    YOU ARE HEREBY NOTIFIED that on November 6, 2012, at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Eugene Wedoff, Room 744, 219 South Dearborn Street, Chicago, Illinois, and then and there present MOTION FOR (I) EXTENSION OF INTERIM ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND (II) SCHEDULING A FINAL HEARING, a copy of which is attached hereto and herewith served upon you.

                                                                           /s/ David R. Herzog

David R. Herzog
Jennifer Herzog
HERZOG & SCHWARTZ, P.C.
Attorneys for the Debtor
77 West Washington Street
Suite 1717
Chicago, Illinois 60602
ARDC No. 01203681

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, certifies that he caused to be served a copy of the foregoing instrument on the attached service list, in the manner indicated, via ECF on October 31, 2012, and via fax on the 1st day of November, 2012.

                                                                           /s/ David R. Herzog

## SERVICE LIST

United States Trustee
219 South Dearborn Street
Room 873
Chicago, IL 60604
VIA ECF

Bank of America
c/o Christopher M Cahill
Lowis & Gellen LLP
200 West Adams Street
Suite 1900
Chicago, IL 60606
VIA ECF

## REMAINDER NOTICED VIA FAX

Aladdin Mills Division
160 S. Industrial Blv
Calhoun, GA 30701

All Tile, Inc.
1111 Chase Avenue
Elk Grove Village, IL 60714

Beaulieu
P.O. Box 120896
Dallas, TX 75312

Beaulieu Commercial
P.O. Box 741329
Atlanta, GA 30374

Carpenter Co
P.O. Box 75252
Charlotte, NC 28275-0252

Carpet Cushions & Supply
24193 Network Place
Chicago, IL 60673-1241

ComEd
c/o Bankruptcy Department
P.O. Box 6111
Carol Stream, IL 60197-6111

Dream Weaver Carpets
P.O Box 1252
Chatsworth, GA 30705

Dunhill, Inc.
P.O .Box 581
Frankfort, IL 60423

EJ Welch Company
P.O Box 842050
Kansas City, MO 64184

Emer Tile LLC
P.O. Box 69339
Los Angeles, CA 90069-0339

Excel Graphics
Suite B
1440 Hicks Road
Rolling Meadows, IL

Florstar Sales, Inc.
Dept 10188
P.O. Box 87618
Chicago, IL 60680

FMG, Inc.
P.O. Box 418
LaGrange, IL 60525

Frank's Carpet Cleaning
P.O. Box 190
Prospect Heights, IL 60070

Goodchild Homes LLC d/b/a
Weibert Realty
1440 Hicks Road
Suite C & D
Rolling Meadows, IL

Jacobson Consulting
445 North Main Street
Sycamore, Illinois 60178

Maay Tabacco, Inc.
3005 Kirchoff Road
Rolling Meadows, IL 60008

Mannington Mills, Inc.
P.O. Box 96261
Chicago, IL 60693

Marvin F. Poer & Co
P.O. Box 660076
Dallas, TX 75266

Masland Carpets
P.O. Box 842980
Boston, MA 02284

Milliken & Company
P.O. Box 100503
Atlanta, GA 30384

NMHG Financial
SVCS, Inc.
10 Riverview Drive
Banberry, CT 06810

Paul Reilly Company
Dept 2060
P.O. Box 87618
Chicago, IL 60680

Phenix/Dobbs Mills, LLC
P.O. Box 741953
Atlanta, GA 30374

Pitney Bowes Global Financial Svc
P.O. Box 371887
Pittsburgh, IPA 15250-7887

Romano's Tile
245 Beinoris Drive
Wood Dale, IL 60191-1251

Shaw Industries. Inc.
12978 Colections Ctr Drive
Chicago, IL 60693

Southlane Flooring Company
1450 N. Wood Dale Road
Wood Dale, IL 60191
Fax No.630-227-9533

Superior Supply Co.
7300 N. Oak Park Avenue
Niles, IL 60714
Fax No. 847-647-7940

Surfaces Transport, Inc.
P.O. Box 250806
Milwaukee, WI 53225

T.J. Copy Products, Inc.
P.O. Box 1078
Dundee, IL 60118

VIM Recyclers LP
P.O. Box 755
Glen Ellyn, IL 60139

Westfield Insurance
P.O.Box 5001
Westfield Center, OH 44251

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | Case no. 12-39415-ERW |
| | ) | |
| KOECKRITZ INTERNATIONAL, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Eugene Wedoff |

**MOTION FOR (I) EXTENSION OF INTERIM ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND (II) SCHEDULING A FINAL HEARING**

Koeckritz International, Inc., as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, hereby moves the Court for extension of an interim order pursuant to Sections 105, 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") (i) authorizing the Debtor to use "cash collateral," as that term is defined in the Bankruptcy Code, in which the Debtor's prepetition secured lender has an interest (the "Cash Collateral"), (ii) granting adequate protection to the Debtor's prepetition secured lender, and (c) scheduling a final hearing on this motion pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are sections 105, 361, 362, and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6003, and 9014 and Rules 4001-2 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the Northern District of Illinois.

## BACKGROUND

3.   On October 3, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.   Additional background regarding the relief requested herein is set forth in the Debtor's *Motion for Entry of Interim and Final Orders (i) Authorizing the Debtor to Use Cash Collateral, (ii) Granting Adequate Protection, and (iii) Scheduling a Final Hearing* (the "Cash Collateral Motion") which is attached hereto as Exhibit A.

## BASIS FOR RELIEF REQUESTED

5.   The Debtor requires continuing access to Cash Collateral for the reasons set forth in the Cash Collateral Motion.

6.   Bank of America, N.A. (the "Bank") has consented to the Debtor's continued use of Cash Collateral pursuant to the terms set forth in the *Order a) Granting Motion for Entry of Interim Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection, and b) Scheduling a Final Hearing* (the "Interim Order"), a copy of which is attached hereto as Exhibit B, through and including December 6, 2012 (the "Hearing Date").

7.   The Debtor submits that the requests set forth herein are fair and reasonable and reflect the Debtor's prudent exercise of its business judgment consistent with its fiduciary duties.

## REQUEST FOR RELIEF

WHEREFORE, the Debtor requests that the Court enter an order:

a. Extending the terms of the Interim Order through and including the Hearing Date.

b. Setting a final hearing on the relief requested in the Cash Collateral Motion on the Hearing Date at 10:00AM (CST); and

c. Granting such other relief as the Court deems just and appropriate.

Dated: October 31, 2012.

                                                      KOECKRITZ INTERNATIONAL, INC.
*/s/ David R. Herzog*
One of its attorneys

Herzog & Schwartz Pc
77 W Washington Suite 1717
Chicago, IL 60602
312-977-1600
Email: drhlaw@mindspring.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| KOECKRITZ INTERNATIONAL, INC., | ) | Case No. 12-39415 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

## MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING

Koeckritz International, Inc., as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, hereby moves the Court for entry of an order pursuant to Sections 105, 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") for entry of interim and final orders (i) authorizing the Debtor to use "cash collateral," as that term is defined in the Bankruptcy Code, in which the Debtor's prepetition secured lender has an interest (the "Cash Collateral"), (ii) granting adequate protection to the Debtor's prepetition secured lender, and (c) scheduling a final hearing on this motion pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein are sections 105, 361, 362 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 4001, 6003 and 9014 and Rules 4001-2 and 9013-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On October 3, 2012, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As set forth in the Declaration of George Koeckritz, President of Koeckritz International, Inc., in Support of First Day Pleadings (the "Koeckritz Declaration"), the Debtor has operated a commercial carpet installation company for over 40 years. The Debtor has been one of the major suppliers and installers of carpeting for new home construction projects throughout the Chicago metropolitan area. In addition, the Debtor supplies and installs carpeting in numerous large residential complexes in the Chicago area. Because of the downturn in the economy over the last several years and, in particular the severe drop in the home construction industry throughout the country as well as in the Chicago area, the Debtor has experienced a substantial decline in sales over the last several years. Nonetheless, with the beginning of the economic recovery and, in particular, the increase in home construction in the Chicago area, the Debtor believes that its sales level will dramatically increase in the next several years. Additional information regarding the Debtor is set forth in the Koeckritz Declaration, which is incorporated herein by reference.

4.      The Debtor is indebted to Bank of America, N.A. (the "Bank") in the approximate amount of $2,137,219.62 pursuant to a Fourth Amended and Restated Mortgage Note, a Fifteenth Amended and Restated Revolving Note, a Seventeenth

Amendment to Loan Documents, a Security Agreement and a Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing (collectively, the "Loan Documents").

5.  Pursuant to the Loan Documents, the Bank appears to have a valid security interest in all of the Debtor's assets; however, the Debtor reserves the right to challenge such interests if further investigation renders such challenge appropriate.

## BASIS FOR RELIEF REQUESTED

6.  The Debtor requires immediate access to the Cash Collateral to permit, among other things, the orderly continuation of the operation of its business, to maintain business relationships with its vendors, suppliers, and customers, to make payroll, to make necessary and urgent capital expenditures, to pay the costs of administration of its estate, and to satisfy other working capital and operational needs.

7.  The Debtor does not have sufficient available sources of cash to carry on the operation of its business without the use of the Cash Collateral. The Debtor's ability to maintain business relationships with its vendors, suppliers, and customers, to pay its employees, and otherwise finance its operations is essential to the Debtor's continued viability and prospects for reorganization. Without continued and uninterrupted access to the Cash Collateral, the Debtor will not be able to continue operations, and the Debtor, its estate, and its creditors will suffer serious and irreparable harm.

8.  The Debtor submits that the requests set forth herein are fair and reasonable and reflect the Debtor's prudent exercise of its business judgment consistent with its fiduciary duties.

9.    As adequate protection for, and to the extent of, any diminution in the value of the Bank's interest in the Cash Collateral resulting from its usage, but only to the extent the Bank's interests in the Cash Collateral constitute valid and perfected liens and security interests as of the Petition Date, the Bank shall receive the following:

    a. **Replacement Liens**: The Bank shall be granted a replacement lien of the same priority and to the same extent and in the same collateral as the Bank had prepetition.

    b. **Reporting**: The Debtor will provide the Bank with all reports required under the Loan Documents.

    c. **Budget**: The Debtor will operate within 25% of the attached proposed budget until use of cash collateral is approved on a permanent basis.

    d. **Other**: Commencing in October, 2012, the Debtor will make a payment of $2,500.00 on or before the last day of each month until the earliest of the following:

        i. The date on which the Debtor's rights to use Cash Collateral cease;

        ii. Entry of a Court order directing the cessation of such payments;

        iii. Conversion of this proceeding to one Chapter 7 of the Bankruptcy Code;

        iv. Dismissal of this proceeding; or

        v. Appointment of a trustee in this proceeding.

<u>EXPEDITED RELIEF</u>

10.    The Debtor requests that the preliminary hearing on the interim relief requested in this motion be heard on an expedited basis on or before October 5, 2012.

The terms of the use of cash collateral on an interim basis are the same as a final basis. Approval on an interim basis in an expedited fashion is necessary to prevent immediate and irreparable harm.

11.   The Debtor further requests that a final hearing on the relief sought in this motion be scheduled within 30 days of entry of any interim order for the relief sought herein.

12.   The Debtor requests that any order granting the relief sought herein be effective immediately and that the stay imposed by Federal Rule of Bankruptcy Procedure 6004(g) be waived.

## REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an interim order authorizing the Debtor to use the Cash Collateral on an interim basis on the terms set forth above, (ii) schedule a final hearing on this motion, (iii) after notice and an opportunity for a hearing, enter a final order authorizing the Debtor to use the Cash Collateral, and (iv) grant such additional relief as the Court deems just and proper.

Dated: October 5, 2012.

KOECKRITZ INTERNATIONAL, INC.

By: /s/ David R. Herzog
One of its attorneys

HERZOG & SCHWARTZ, P.C.
77 West Washington Street
Suite 1717
Chicago, Illinois 60602
Phone: (312) 977-1700

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| KOECKRITZ INTERNATIONAL, INC., | ) | Case No. 12-39415 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |

**Order a) Granting Motion for Entry of Interim Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection, and
(b) Scheduling a Final Hearing**

WHEREAS Koeckritz International, Inc., as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case filed its Motion for Entry of Interim and Final Orders (i) Authorizing the Debtor to Use Cash Collateral, (ii) Granting Adequate Protection, and (iii) Scheduling a Final Hearing (the "Motion");

WHEREAS due and adequate notice of the Motion was given, and the Debtor has revised its request to accommodate the concerns of Bank of America; and

WHEREAS no objections to the Motion have been filed with the Court or received by the Debtor;

IT IS HEREBY ORDERED:

    A.    The Debtor is authorized to use cash collateral and provide adequate protection on the following terms:

        a. Replacement Liens: As adequate protection for any use or diminution in the value of the Bank's interests in Debtor's pre-petition assets, including the cash collateral subject to this interim order, the Bank (as that term is defined in the Motion) is hereby granted, retroactive to the date on which the Debtor's

bankruptcy petition was filed, and without the necessity of any additional documentation and filings (i) replacement liens in all post-petition property of the Debtor, including all cash collateral, to the same extent, validity, and priority as the Bank had prepetition in such property, (ii) an adequate protection payment in the amount of $5,000 each month to be made in collected funds on or before the last day of each month with the first such payment due October 31, 2012, and (iii) a priority claim pursuant to section 507(b) of the Bankruptcy Code for the diminution in value, if any, of Bank's interest in the Bank's pre-petition collateral

b. Reporting: The Debtor will provide the Bank with all reports required under the Loan Documents and shall provide the Bank with a Variance Report, tax Escrow Report, and Receipt and Account Report (as such terms are defined below) for the month of October prior to any final hearing on use of cash collateral;

c. Budget: The Debtor will operate within 10% of the budget attached as Exhibit A to the Motion (the "Budget") until use of cash collateral is approved on a permanent basis.

d. Usage: The Debtor is authorized to use cash collateral commencing upon entry of this order until the Termination Date (as defined below) to pay (i) actual, ordinary, and necessary expenses of the Debtor's business as described in the Budget, and (ii) any other expenses approved by the Court. The Debtor shall be deemed to

comply with the Budget so long as its total cash disbursements for the period between entry of this order and the termination date do not exceed 110% of the total cash disbursement amounts provided for in the Budget or such higher amount to which the Bank expressly consents;

e. Termination: Commencing in October, 2012, the Debtor will make a adequate protection payment of $5,000 described above on or before the last day of each month until the earliest of the following (the "Termination Date"):

   i. The date on which the Debtor's rights to use Cash Collateral cease;

   ii. ii. Entry of a Court order directing the cessation of such payments;

   iii. iii. Conversion of this proceeding to one Chapter 7 of the Bankruptcy Code;

   iv. iv. Dismissal of this proceeding; or

   v. v. Appointment of a trustee in this proceeding;

f. Other: On or before the fifth business day before the expiration of this interim order, the Debtor shall provide counsel for the Bank a spreadsheet comparing the amount set forth on each line on the Budget with any actual disbursements related to each line (the "Variance Report"). Additionally, In return for the Debtor's interim

use of cash collateral, Lender is granted the following additional protection for its asserted interests:

i. The Bank is deemed to have requested adequate protection on the date on which the Debtor filed its bankruptcy petition;

ii. The Debtor will permit the Bank to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records, including all inspection necessary to conduct an appraisal of the value of Debtor's property; and Debtor's counsel will promptly supply copies of such records upon request to attorneys of the Bank by overnight mail or by email;

iii. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft, water damage, and any other casualty events to the same extent and with the same coverage as such were maintained and paid prepetition;

iv. The Debtor shall, upon reasonable request, promptly make available to Bank any and all documentation relating to cash collateral or any other collateral for Debtor's indebtedness;

v. The Debtor shall pay into an escrow account that is established at Bank or at such other bank as is acceptable to Bank sufficient funds for the payment of current real estate taxes relating to any real property owned by the Debtor. If such escrow account is not established at Bank Debtor shall

(a) provide the Bank with all account information upon its establishment; (b) provide the Bank with balance information on such account no later than five business days prior to the end of the Interim Period (the "Escrow Report"); and (c) provide prior written notification to the Bank of all disbursements from such account; and

vi. The Debtor shall properly maintain in good repair and properly manage any real property it owns;

vii. Other than as set forth above, all funds in or that come into Debtor's possession and control – other than cash collateral that is authorized to be used pursuant to this interim order and such funds that are paid as adequate protection pursuant to this interim order – shall be deposited promptly into the Debtor's post-petition business bank account with the Bank and shall not be expended except in compliance with this interim order or other prior order of the Court. On or before the fifth business day before the expiration of this interim order, the Debtor shall provide counsel for the Bank a summary of all business receipts, and a specific record of each deposit and disbursement from each account of the Debtor (the "Receipt and Account Report").

viii. During the pendency of this bankruptcy and until further order of the Court, all cash of Debtor now or hereafter acquired is

deemed to be cash collateral of Bank; and the Bank's security interest in all cash collateral shall be deemed perfected under the Uniform Commercial Code in all cash wherever located now and wherever located in the future.

B. This interim order is made without prejudice to any party's rights, including but not limited to rights to seek a determination at a later date as to the necessity or continued adequacy of adequate protection for any collateral of the Bank. Further, this Interim Order is without prejudice to any party's rights to challenge the validity, priority, or extent of any lien, or to challenge the application of any rights of any party to any property under the Court's jurisdiction.

C. This interim order shall not be deemed to have suspended of waived any of the respective rights or remedies of the Bank under the Bankruptcy Code, other applicable law, or any pre-petition loan and security documents. No failure or delay of any party to require strict performance of any provision of this interim order shall waive, affect, or diminish any right of any party thereafter to require strict compliance and performance therewith. All adequate protection payments are provisional and subject to accounting by the Bank upon motion and request by a party in interest.

D. The Debtor is hereby authorized to execute any documents as may be required to carry out the provisions of this Interim Order.

E. A final hearing on the Motion shall be held on or before November 6, 2012; and at 10:30 a.m.

F. This Order shall be effective immediately upon entry.

Dated: OCT - 5 2012

By: _J. Cox_ *Jacqueline P. Cox*
United States Bankruptcy Judge

Prepared by:
David R. Herzog
HERZOG & SCHWARTZ, P.C.
77 West Washington Street
Suite 1717
Chicago, Illinois 60602
(312) 977-1700